## THE PEOPLE *v.* MUÑOZ.

### APPEAL from the District Court of Ponce.

No. 17.—Decided May 8, 1905.

HABEAS CORPUS—IMPRISONMENT AWAITING TRIAL.—Municipal judges have ample power to issue warrants of arrest and commit persons accused of the commission of crime to imprisonment pending trial, such imprisonment being authorized by the provisions of section 44 of the Code of Criminal Procedure and section 44 of the Act of March 12, 1903, amending certain sections of the said code.

ID.—WARRANTS OF ARREST.—A mere defect of form is not sufficient to annul a warrant of arrest and entitle the prisoner to be discharged on *habeas corpus.*

The facts are stated in the opinion.

*Mr. Rossy, Fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This is an application for a writ of *habeas corpus* by Ramón Muñoz, sworn to and filed in the District Court of Ponce on March 16th, last, in which Ramón Muñoz alleges that he was provisionally held in the Ponce district jail to answer a charge of disturbing the public peace, which is an offense comprised in section 368 of the Penal Code. He bases his application for discharge from custody on the following:

"1. That the commitment is not authorized by any provision of law. Subdivisions 4 and 6 of section 483 of the Code of Criminal Procedure.

"2. That even though it were authorized by some law, it is defective, in which case the allegation comes under the provisions of subdivision 3 of said section 483."

The principal allegation made is that section 24 of the law of criminal procedure was repealed by the Act of the Legislative Assembly of March 3, 1903, with relation to provisional imprisonment; and with respect to the defect in the commitment, it was alleged that it does not conform to the requirements of section 38 of the said law of criminal procedure.

The order was executed, the copy of the warrant reading as follows:

"United States of America. The President of the United States. The People of Porto Rico to any officer charged with the maintenance of the peace.—Complaint upon oath having been made by Ramón Torres before me, Felipe Casalduc Goicoechea, that the offense of disturbance of the public peace has been committed, and charging Ramón Muñoz, a resident of *barrio* Real, of this municipal district, therewith, you, the marshal above mentioned, are hereby commanded to arrest the above-named Ramón Muñoz, leaving him in the custody of the warden of the district jail, at the disposition of this court, until he shall be legally discharged from custody, bail being fixed in the sum of $100. Done in Ponce, February 21, 1905.—Felipe Casalduc, Municipal Judge."

On March 23d, last, the judge of the Ponce Court decided that:

"After consideration of this application for the writ of *habeas corpus,* the indorsement of the warden of the jail of this city on the original warrant, an examination of the antecedents of the case, and after having heard the parties, the *fiscal* for The People of Porto Rico, and Attorney Domingo Sepúlveda for the defendant, the court is of the opinion that the writ of *habeas corpus* should not issue, and there-

fore the application should be and the same is hereby denied.—J. Tous Soto, District Judge.''

Muñoz took an appeal from this decision, which was allowed, and the original record is before this court by virtue of such appeal, which has been duly perfected without the attendance of the appellant, and only with an oral argument by the *fiscal* in opposition to the appeal at the hearing which was had on the second instant.

Let us now consider the question raised which is pending the decision of this Supreme Court.

We find a perfect expression in section 24 of the Code of Criminal Procedure of the power of justices of the peace, now municipal judges, to issue warrants of arrest against persons to answer to charges made against them, but on March 12, 1903, an act of the Legislative Assembly of this Island to amend certain sections of the said Code of Criminal Procedure was approved. One of the sections amended was section 24 now under discussion, and as in the new section bearing the same number nothing is said about arrest on charges, the appellant deduces that municipal judges have not now the power to order the arrest of a defendant to await trial.

But in order to be able to decide this point properly, it becomes necessary to examine the entire amending act, and we find that section 29 thereof, which regulates the procedure upon charges before justices of the peace, now municipal judges, provides in the third paragraph of its subdivision 4 that:

''When a decision is in favor of the defendant, by acquitting him of the charge, he shall be at once released.''

And subsequently the second section thereof provides that section 44a shall be inserted after section 44 of the Code of Criminal Procedure, as follows:

"In all warrants of arrest the amount of bail shall be fixed," etc., etc.

Therefore, no person can be set at liberty by a judgment of acquital who has not been provisionally imprisoned; hence, from this provision it is to be assumed that provisional imprisonment exists.

And section 44 of the Code of Criminal Procedure referring also to arrest on charges, and section 44a requiring only that the warrant of arrest shall fix the amount of the bail bond, it appears that it was not the intention of the Legislative Assembly, in passing the Act of March 12, 1903, to abolish provisional imprisonment. It is to be deduced from all that has been stated that the municipal judge of Ponce in issuing the warrant of arrest against Ramón Muñoz to answer the charge made against him of disturbing the public peace if he did not furnish a bond of one hundred dollars, did not violate the provisions of subdivisions 4 and 6 of section 483, because the warrant is authorized by the law and was issued in a case permitted thereby.

On the other hand, the warrant conforms to the requirements of section 38 of the Code of Criminal Procedure, and although an overscrupulous examination might show some defect in the form thereof, the petitioner Ramón Muñoz could not be discharged from custody by reason of such defect, according to section 484 of the said Code of Criminal Procedure.

In view of the foregoing we are of opinion that the decision of the judge of the District Court of Ponce, rendered on March 23, 1904, should be affirmed, inasmuch as in rendering it he conformed to the laws cited in this opinion.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.